# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

ADVANCE BRANDS, LLC.,

     Plaintiff,

vs.

ALKAR-RAPIDPAK, INC.,

     Defendant and
     Third-Party Plaintiff,

vs.

GLEESON CONSTRUCTORS &
ENGINEERS, L.L.C. and PLAINS
BOILER SERVICE, INC.,

     Third-Party Defendants.

No. C08-4057-DEO

**FINAL ORDER ON MOTION TO
QUASH SUBPOENA**

————————————

     This matter is before the court for a final ruling on the motion, Doc. No. 60, of the plaintiff Advance Brands, LLC ("Advance") to quash a subpoena issued by the defendant and third-party plaintiff Alkar-Rapidpak, Inc. ("Alkar") to Crispin Hales. Hales is an engineering consultant who was retained by Advance's attorney shortly after the fire that is the subject of this lawsuit. In the subpoena, Alkar sought production of "[a]ny and all records in [Hales's] possession referring or relating to the Oven from September 1, 2007 through present," and "[a]ny and all documents referring or relating to the Incident." Doc. No. 60-2, p. 7. On July 27, 2010, the court ordered Advance to produce the entirety of Hales's file, in unredacted form, to the court for *in camera* review. Doc. No. 71. Advance has complied with this order, and the court has completed its review of the 3600 pages of documents produced.

Advance argues that these documents are protected by Federal Rule of Civil Procedure 26(b)(4)(B),[1] which codifies the federal "work-product" privilege. Advance points out that Hale was retained by its attorney "because of" the fire, and argues the protections of Rule 26(b)(4)(B) should not be lost simply because Hales's opinions may have been used to make certain business decisions. Advance contrasts the "because of" or "but for" test (*see*, *e.g.*, *United States v. Aldman*, 134 F.3d 1194, 1198 (2d Cir. 1998)) with the "primary purpose" test (*see e.g.*, *United States v. Davis*, 636 F.2d 1028 (5th Cir. 1981)), and argues the "primary purpose" test should be rejected. Advance contends that under the "because of" or "but for" standard, the documents in question should be protected because they would not have been generated but for the fact that Hale was retained by Advance's attorney to consult about the fire.

The court sees the question differently. The fact that Hales was employed by Advance in anticipation of litigation does not mean that every document and record prepared by him is protected from disclosure. Although Rule 26(b)(4)(B) protects from discovery "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation," the Rule does not protect documents or records prepared as "part of the subject matter of the lawsuit," and not solely in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(4), Advisory Committee's note (1970 Amendment). "Under [the Eighth] Circuit's test of when parties 'anticipate litigation,' the court must examine the 'factual situation' and the 'nature of the documents' to determine whether documents can 'fairly be said to have been prepared or obtained because of the prospect of litigation,' but 'even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.'" *St. Paul Reinsurance Company, Ltd. v.*

---

[1] "Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B).

*Comm'l Fin. Corp.*, 197 F.R.D. 620, 637 (N.D. Iowa 2000), in turn quoting *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987)).[2]

Here, Advance's president, Tom Harpenau, is listed as an expert witness as to safety concerns surrounding Advance's decision to replace rather than repair the oven.[3] According to Harpenau's deposition testimony, he and other decision-makers representing Advance relied on the advice of Hales to make this decision. Documents prepared or relied upon by Hales in advising Harpenau concerning this decision are part of the subject matter of the lawsuit and should be produced.

Accordingly, the court **grants in part and denies in part** the motion to quash. By **September 8, 2010**, Advance is ordered to produce to Alkar the documents identified by the following Bates-stamped numbers:

> 381-382, 392, 402-403, 465-467, 493, 506-507,
> 518, 729-768, 770-771, 853, 858, 859-861, 947-
> 954, 2193, and 2824-2829.

The remaining documents submitted to the court for *in camera* review do not have to be produced in response to the subpoena.

**IT IS SO ORDERED.**

**DATED** this 26th day of August, 2010.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2]"Work product" determinations in diversity cases are to be made applying federal law. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000).

[3]"Mr. Harpenau will testify that he considered and analyzed the safety concerns being raised by the investigators after the explosion with respect to the Alkar oven. Moreover, he solicited a bid from Alkar and asked Alkar to address these safety concerns and Alkar refused to acknowledge the safety concerns raised by Mr. Harpenau. Based upon the refusal of Alkar to acknowledge these safety concerns and Mr. Harpenau's concern for the safety of Advanced Brands' employees, Mr. Harpenau made the decision to pursue other options." Doc. No. 70-1, p. 4.