# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ADVANCE BRANDS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ALKAR-RAPIDPAK, INC.,<br><br>    Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>GLEESON CONSTRUCTORS & ENGINEERS, LLC and PLAINS BOILER SERVICE, INC.,<br><br>    Third-Party Defendants. | No. 08-CV-4057-LRR<br><br>**ORDER** |

_____

## TABLE OF CONTENTS

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*   *PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *A.*    *Legal Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *B.*    *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.*    *Fees of the clerk* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *2.*    *Fees for service of summons and subpoena* . . . . . . . . . . . . *4*
        *3.*    *Fees for witnesses* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *4.*    *Fees for printed or electronically recorded transcripts*
            *necessarily obtained for use in the case* . . . . . . . . . . . . . . . *5*
            *a.*    *Alkar's deductions* . . . . . . . . . . . . . . . . . . . . . . *5*
            *b.*    *Shipping and handling* . . . . . . . . . . . . . . . . . . . . *5*
            *c.*    *Transcript copy* . . . . . . . . . . . . . . . . . . . . . . . . *6*
            *d.*    *Additional expenditures* . . . . . . . . . . . . . . . . . . . *6*
            *e.*    *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
        *5.*    *Fees and disbursements for printing* . . . . . . . . . . . . . . . . . *9*

  6. *Fees for exemplification and the costs of making copies* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
    a. *Discovery* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
    b. *Bates stamps, tabs, binders, sheet protectors, tiff conversion and optical character recognition* . . . . *12*

IV. *SUMMARY CHART* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

V. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

## I. INTRODUCTION

The matter before the court is Defendant Alkar-Rapidpak, Inc.'s ("Alkar") "Motion for Bill of Costs" ("Motion") (docket no. 191).

## II. PROCEDURAL HISTORY

On July 18, 2008, Plaintiff Advance Brands, LLC ("Advance Brands") filed a three-count Complaint (docket no. 2) against Alkar. In the Complaint, Advance Brands sought damages from Alkar based upon theories of negligence, products liability and breach of implied warranties. On September 21, 2009, Alkar filed a Third-Party Complaint (docket no. 38) against Gleeson Constructors & Engineers, LLC ("Gleeson") and Plains Boiler Service, Inc. ("Plains"), alleging comparative fault.

From June 15 through June 29, 2011, the court held a jury trial on Advance Brands's and Alkar's claims. On June 30, 2011, the jury reached a verdict and found Advance Brands solely responsible for its damages. On that same date, the court entered Judgment (docket no. 189) against Advance Brands.

On July 14, 2011, Alkar filed the Motion seeking $63,502.56 in costs. On August 4, 2011, Advance Brands filed a Resistance (docket no. 192). On August 11, 2011, Alkar filed a Reply (docket no. 193). On August 22, 2011, the Clerk of Court referred the Motion to the court. The matter is fully submitted and ready for decision.

## III. ANALYSIS

### A. Legal Background

In deciding an issue relating to costs, the court must consult both Federal Rule of

Civil Procedure 54(d), which gives the court the power to tax "costs" to a prevailing party and 28 U.S.C. § 1920, which defines "costs." *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-42 (1987). Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54 represents a codification of the presumption that the prevailing party is entitled to costs." *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001) (internal quotation marks omitted); *see also Ex parte Peterson*, 253 U.S. 300, 315-17 (1920) (discussing common law of costs). In other words, "liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

"The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . . ." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). Despite the presumption, exactly which costs to award is a matter left to the district court's discretion. *Poe v. John Deere Co.*, 695 F.2d 1103, 1108-09 (8th Cir. 1982). However, "the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *See Crawford Fitting*, 482 U.S. at 441-42. In relevant part, the statute provides:

> A judge . . . of any court of the United States may tax as costs the following:
> 
> (1)  Fees of the clerk and marshal;
> 
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> 
> (3)  Fees and disbursements for printing and witnesses;
> 
> (4)  Fees for exemplification and the costs of making copies

3

>     of any materials where the copies are necessarily
>     obtained for use in the case;
>
>     (5)     Docket fees under section 1923 of this title;
>
>     (6)     Compensation of court appointed experts . . . .

28 U.S.C. § 1920. "[T]he Supreme Court has held that '*absent explicit statutory* or contractual *authorization* for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.'" *Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1031 (8th Cir. 2003) (quoting *Crawford Fitting*, 482 U.S. at 445) (emphasis in *Neosho*).

### B. Application

#### 1. *Fees of the clerk*

Alkar seeks fees of the clerk in the amount of $150.00 for the cost of two *pro hac vice* applications that the Alkar lawyers completed to participate in the instant action. In *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009), the Eighth Circuit Court of Appeals held that "*pro hac vice* fees are recoverable as fees of the clerk under [28 U.S.C.] § 1920." Thus, the *pro hac vice* application fees in the amount of $150.00 are recoverable.

#### 2. *Fees for service of summons and subpoena*

The Eighth Circuit does not allow courts to tax as costs fees from private process servers. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985); *Am. Family Mut. Ins. Co. v. Miell*, 569 F. Supp. 2d 841, 860 (N.D. Iowa 2008); *Bunda v. Potter*, No. C03-3102-MWB, 2006 WL 266513, at *3-6 (N.D. Iowa Jan. 31, 2006). Alkar utilized only private process servers.[1] Consequently, Alkar's fees for service of summons and subpoena

---

[1] Alkar's counsel is located in Illinois, which is within the Seventh Circuit Court of Appeals. The Seventh Circuit has held that fees from private process servers are recoverable. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) (holding that private process service fees are recoverable in an amount not to exceed what the marshal

in the amount of $1,041.08 are not recoverable.

### 3. *Fees for witnesses*

Alkar seeks witness fees in the amount of $12,528.79. Pursuant to 28 U.S.C. § 1920(3), courts may tax witness fees as costs. The allowable fees are set forth, in part, in 28 U.S.C. § 1821. Advance Brands does not object to Alkar's requested witness fees. After reviewing Alkar's requested witness fees, the court concludes that the fees are reasonable and should be taxed as costs.

### 4. *Fees for printed or electronically recorded transcripts necessarily obtained for use in the case*

Alkar seeks costs for printed or electronically recorded transcripts in the amount of $35,572.30.

#### a. *Alkar's deductions*

In its Reply, Alkar admits that it is not entitled to some of the transcript-related costs it seeks. *See* Reply at 1 n.1. Specifically, Alkar admits that it is not entitled to interest charges in the amount of $1,161.41 that it incurred due to its own failure to pay for the transcripts in a timely manner. Alkar also admits that it is not entitled to $109.60 for the cost of two word indices.

#### b. *Shipping and handling*

Similarly, Alkar is not entitled to tax costs for delivery or shipping and handling charges. *See Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (noting deposition delivery costs are not recoverable); *Thompson v. United Transp. Union*, No. 08-CV-65-LRR, 2009 WL 290472, at *6 (N.D. Iowa Jan. 26, 2009) ("Postage and delivery expenses for deposition transcripts are not recoverable under § 1920(2)."). Thus, Alkar's requested costs should be reduced by $248.84 for shipping and handling charges.

---

service would have charged).

### c. Transcript copy

Advance Brands argues that Alkar is not entitled to recover the cost of the original transcript plus one copy. However, in the Northern District of Iowa, "'[c]osts allowed for taxable depositions may include . . . *the cost of [the] original transcript and one copy*[.]'" *Bunda*, 2006 WL 266513, at *8 (quoting United States District Court for the Northern District of Iowa, Guidelines on Taxation of Costs by the Clerk of Court (January 2001) at 4-5). Thus, Alkar's requested costs for the amount of the original transcript and one copy are allowable.

### d. Additional expenditures

Costs for ASCII transcripts and transcript conversion fees are often not allowable in this District because they are frequently for the benefit of counsel and they "are not listed in the statute or rules as recoverable costs." *Rakes v. Life Investors Ins. Co. of Am.*, No. 06-CV-99-LRR, 2008 WL 4852932, at *9 (N.D. Iowa Nov. 7, 2008), *abrogated on other grounds by Craftsmen Limousine*, 579 F.3d 894; *see also EEOC v. CRST Van Expedited, Inc.*, 2010 WL 520564, at *19 (N.D. Iowa Feb. 9, 2010) (disallowing "costs of conversion of depositions to DVD, ASCII, condensation, postage, and delivery" as attorney fees (internal quotation marks omitted)); *Thompson*, 2009 WL 290472, at *6 ("The 'MinU-Script & Disk' was purely for the convenience of counsel and thus not taxable."); *Bunda*, 2006 WL 266513, at *8 (finding ASCII disk fees not recoverable). However, when a party successfully demonstrates the necessity of an additional expense, such as an expedited transcript, the court may award that cost. *See Rakes*, 2008 WL 4852932, at *8; *see also 168th & Dodge*, 501 F.3d at 957-58 (finding the district court did not abuse its discretion in awarding costs for ASCII transcripts and expedited transcripts); *Thirty & 141, LP v. Lowe's Home Ctrs., Inc.*, No. 4:06-CV-01781-SNL, 2008 WL 1995344, at *1-2 (E.D. Mo. May 6, 2008) ("A party seeking reimbursement for expedited services should generally demonstrate necessity with regard to the same.").

Alkar has not demonstrated that an ASCII disk was necessary for Kevin Ford's deposition transcript. Accordingly, Alkar's requested costs in the amount of $30.00 should not be taxed for that disk.

However, Alkar has shown that it was necessary to expedite the transcript of Brian Thompson. Alkar elected to order an unedited ASCII transcript to expedite receipt of the transcript, and the court finds this expense, in the amount of $537.00, was reasonably necessary and may be taxed. Similarly, Alkar has made a sufficient showing that it needed an expedited transcript of Mark Badowski's transcript, but it has not demonstrated that it also needed an electronic disk. Consequently, the court shall disallow costs in the amount of $39.00 for the electronic disk, but will allow $1,153.15 for the expedited transcript. With regard to the depositions of James Karls, David Lukens and William Vigilante, Aklar has not demonstrated that CDs of the transcripts, in addition to the original copies (either paper or video), were necessary. Thus, the CDs were created for the convenience of counsel and the court declines to award Alkar the $58.50 it seeks for the CDs. Likewise, Alkar has not demonstrated the transcript conversion for Mark Phillips's deposition transcript was necessary, and the court shall disallow the $35.00 Alkar seeks for the fee.

Alkar has also demonstrated that it needed expedited copies of Dean Harris's, John Holecek's and Sid Bhatt's depositions. Alkar paid overage charges to expedite the production of the video deposition transcripts for these individuals. Alkar also ordered unedited ASCII transcripts and CDs. While the court concludes Alkar is entitled to tax the expedited transcripts as costs, it may not also tax the unedited ASCII transcripts and CDs because, under these circumstances, they were for the convenience of counsel and were not necessary expenditures. Thus, the court declines to award $428.70, $452.50 and $529.50, respectively, for those expenses.

Alkar seeks $839.05 in costs for Tom Schilmoeller's first deposition transcript. However, the only evidence Alkar presents to support its position that it is entitled to tax

7

this amount is an email from a court reporter. *See* Ex. D (docket no. 191-6) at 3. This email lists eleven individuals and the dates on which they were deposed. Underneath the list of individuals is a second list. The second list includes an invoice number, an invoice date and the amount of the invoice. Oddly, there are only eight invoices listed. The email is not clear as to which invoice should be attributed to Tom Schilmoeller's deposition. Furthermore, the email does not itemize the charges attributable to Tom Shilmoeller's first deposition. Even if the court could attribute one of the invoices listed in the email to Tom Schilmoeller's first deposition, the court cannot properly assess costs where services are not itemized. *See Miell*, 569 F. Supp. 2d at 861; *Rakes*, 2008 WL 4852932, at *8. Consequently, the court declines to tax this purported expense as a cost.

   *e.*  *Summary*

The court will tax costs for deposition transcripts and services as follows:

| Date of Deposition | Witness(es) | Amount |
|---|---|---|
| 7/15/09 | Tom Schilmoeller | $0.00 |
| 7/17/09 | Kevin Ford | $1,015.40 |
| 8/11/09 | Nicholas Obbink | $1,189.70 |
| 8/12/09 | Jeff Reinders | $670.65 |
| 2/4/09 - 2/5/09 | Charles Boettcher<br>Curtis Utesch | $1467.90 |
| 3/24/10 | Jerry Niichel<br>Wes Giebelman | $1,204.45 |
| 4/8/10 - 4/9/10 | Brian Hegdahl<br>Tom Schilmoeller | $1,840.70 |
| 5/4/10 - 5/5/10 | Tim DeLarm<br>Tom Harpenau | $1,703.48 |
| 6/16/10 | Andi Mikelsons | $978.75 |

| | | |
|---|---|---|
| 6/17/10 | James Talbert<br>Luke Titel | $947.50 |
| 6/18/10 | Ronald Leonhardt<br>Dennis Conohan | $557.50 |
| 8/5/10 | Brian Thompson | $2,770.35 |
| 7/30/10 | Mark Badowski | $1,153.15 |
| 9/20/10 | Antonin Mendlik<br>James Karls | $482.00 |
| 9/21/10 | David Lukens | $299.25 |
| 10/4/10 | Bartley Eckhardt | $3,010.74 |
| 10/5/10 | William Vigilante | $2,831.62 |
| 11/30/10 | Timothy Moskal<br>Thomas Michael Long | $733.75 |
| 12/10/10 | Mark Phillips | $240.10 |
| 12/15/10 | Jack Auflick | $747.55 |
| 12/16/10 | Tim Kobernat | $349.15 |
| 2/11/11 | Nicholas Obbink | $667.10 |
| 2/15/11 | Roger Dean Harris | $1,220.46 |
| 2/16/11 | John Holecek | $2,005.87 |
| 2/18/11 | Sid Bhatt | $2,579.63 |
| 2/28/11 | David Schipper | $372.50 |
| 3/29/11 | Robert Hughes | $610.50 |
| | **TOTAL** | **$31,649.75** |

5. *Fees and disbursements for printing*

Alkar requests $660.40 in costs for its printing expenses. *See* Ex. E (docket no.

191-7) at 5. Alkar incurred these printing expenses when it "prepared two binders containing certain pleadings, motions, and orders in preparation for trial and in preparation for arguing motions in limine during the course of trial." Reply at 10. Advance Brands argues that Alkar's requested printing costs should be denied and cites authority which states that pleadings, motions and exhibits printed for filing with the court are not taxable. *See* Resistance at 4-5. However, Alkar did not print the materials for filing with the court, but printed the materials after they were filed in an effort to prepare for trial. *Cf. Brown v. McGraw-Hill Cos., Inc.*, 526 F. Supp. 2d 950, 958 (N.D. Iowa 2007) (taxing printing fees as costs after noting that a prevailing party is presumptively entitled to recover all of its costs). Consequently, Alkar's requested printing costs shall be taxed.

### 6. *Fees for exemplification and the costs of making copies*

Alkar seeks $13,549.99 for the costs of copies and exemplification. Advance Brands argues that Alkar is not entitled to the cost of copying discovery-related materials or the cost of scanning discovery-related documents. Advance Brands also maintains that Alkar is not entitled to costs for items such as "bates stamps, tabs, binders, sheet protectors, tiff conversion, and optical character recognition." Resistance at 5.

#### a. *Discovery*

The court disagrees with Advance Brands's suggestion that there is an absolute bar to recovering costs for discovery-related copying. Several district courts in the Eighth Circuit have refused to tax discovery-related copying expenses. *See Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 602 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3506 (2010) (collecting cases). However, there are Eighth Circuit cases "suggesting that a district court may tax costs for discovery-related copying." *Id.* (citing *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995) (per curiam) (upholding award of costs for a deposition copy, despite the fact that the deposition was not introduced at trial)). A number of Circuit Courts of Appeal allow the recovery of costs for discovery-related

copying or copying of documents not otherwise admitted at trial. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) ("'Copies attributable to discovery' are a category of copies recoverable under § 1920(4)."); *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1010 (9th Cir. 1998) ("Under [§ 1920(4)], the copies need not actually have been used as evidence to justify an award of costs."); *United States ex rel. Evergreen Pipeline Const. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) ("Photocopying costs may be recovered even though the underlying document was not admitted at trial."); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991) ("Like depositions, the underlying documents need not be introduced at trial in order for the cost of copying them to be recoverable.").

In *Little Rock Cardiology*, 591 F.3d at 602, the Eighth Circuit found that the district court did not abuse its discretion in refusing to tax discovery-related copying expenses. In doing so, however, the Eighth Circuit noted only that nothing "*requires* a district court to tax discovery-related expenses." *Id.* Thus, the Eighth Circuit has left the matter to the district court's discretion. *See id.* at 601-02 (limiting holding to whether the district court abused its discretion and declining to consider whether discovery-related copying expenses are non-taxable as a matter of law). "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).

Copying costs are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Furthermore, "the electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper,' and, therefore, can be taxed pursuant to § 1920(4)." *Brown*, 526 F. Supp. 2d at 959; *see also BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) ("[E]lectronic scanning and imaging could be interpreted as 'exemplification and copies of papers.'"). The court finds

this principle equally applicable to the costs Alkar seeks here.

After reviewing the Motion and supporting documentation, the court concludes that Alkar has demonstrated, based upon the facts of this case and the extensive discovery Alkar was required to conduct, that it is entitled to recover the costs of its discovery-related copying and scanning. The court is familiar with the document-intensive nature of this case, both at the summary judgment stage and at trial, and the court concludes that the costs Alkar seeks for copying and scanning are reasonable and appropriate in this case. Accordingly, the court declines to reduce Alkar's requested costs on this basis.

### b. *Bates stamps, tabs, binders, sheet protectors, tiff conversion and optical character recognition*

Advance Brands argues that Alkar "seeks costs for not only copies, but also bates stamps, tabs, binders, sheet protectors, tiff conversion, and optical character recognition." Resistance at 5. Advance Brands maintains that "[s]uch costs are not necessary and are only for convenience, and, therefore, are not taxable." *Id.* This court recently permitted a prevailing party to recover costs related to the scanning and electronic conversion of documents. *See* Order at 9 *Penford Prods. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 1:09-CV-13-LRR (N.D. Iowa Feb. 10, 2011). In contrast, several district courts within the Eighth Circuit have found that costs for items such as binders, tabs and bates stamps are for the convenience of counsel and should not be included in copying costs because they are not "necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920(4). *See Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guarantee Co.*, No. 4:06CV655RWS, 2010 WL 1935998, at *4 (E.D. Mo. May 10, 2010); *Moore v. DaimlerChrysler Corp.*, 4:06-CV-757 CDP, 2007 WL 1445591 (E.D. Mo. May 11, 2007); *Stevens v. Zenith Distrib. Corp. of Kan.*, No. 78-0477-CV-W-6, 1984 WL 21983, at *8 (W.D. Mo. July 20, 1984).

Having considered the facts surrounding this case and the document-intensive nature

of the underlying litigation, the court will tax Alkar's scanning-related and electronic conversion expenditures under § 1920(4). However, the court concludes that, under the circumstances presented here, Alkar's expenditures for bates stamps, tabs, binders and sheet protectors were convenient rather than necessary. Accordingly, the court declines to tax these costs pursuant to § 1920(4). *See Moore*, 2007 WL 1445591, at *1 (refusing to tax costs for bates labeling because it was "not necessary but simply convenient"). The court shall reduce Alkar's requested copying costs by $2,673.63.

## *IV. SUMMARY CHART*

| Item Requested | Amount Requested | Amount Allowed |
|---|---|---|
| Fees of the Clerk: | $150.00 | $150.00 |
| Fees for service: | $1,041.08 | $0 |
| Fees for transcripts: | $35,572.30 | $31,649.75 |
| Fees for printing: | $660.40 | $660.40 |
| Fees for witnesses: | $12,528.79 | $12,528.79 |
| Fees for copies: | $13,549.99 | $10,876.36 |
| **TOTAL** | **$63,502.56** | **$55,865.30** |

## *V. CONCLUSION*

In light of the foregoing, the Motion (docket no. 191) is **GRANTED IN PART** and **DENIED IN PART**. Costs are taxed in favor of Alkar in the amount of **$55,865.30**. The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** for such amount in favor of Alkar-Rapidpak, Inc.

**IT IS SO ORDERED.**

**DATED** this 13th day of September, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA